Argued September 1, reversed and remanded October 4, 1927.

# STATE v. GEORGE McKIEL.

### (259 Pac. 917.)

**Criminal Law—Juror cannot Impeach Verdict by Affidavit Supporting Motion for New Trial.**

1. Juror cannot impeach his verdict by affidavit in support of motion for new trial.

**Criminal Law—Jurors' Independent Experiment Without Court's Knowledge, to See Whether Defendant in Rape Trial Could have Driven Car to Roadside Without Being Mired, Held not to Warrant New Trial.**

2. Jurors' misconduct in conducting independent experiment, without court's knowledge or consent, to see whether it was possible for defendant in rape trial to have driven his automobile to side of road, as prosecutrix clamed, without being mired, *held* not to warrant new trial.

**Witnesses—Much Latitude is Allowed in Cross-examination of Prosecutrix in Rape Trial.**

3. While extent of cross-examination of prosecutrix in rape trial is largely discretionary, much latitude is allowed, though it cannot extend indefinitely into incompetent, immaterial or collateral matters.

**Rape—Prosecutrix's Testimony in Rape Trial Should be Most Closely Scrutinized.**

4. In rape trial, prosecutrix's testimony should be subjected to the closest scrutiny.

**Witnesses—Sustaining Objections to Questions to Prosecutrix as to Whether She was Given Liquor on Night of Offense, Where She Slept on That Night and Went Next Day, etc., Held Erroneous as Unduly Restricting Cross-examination as to Extent of Her Intoxication and Loss of Memory.**

5. In rape trial, sustaining objections to questions, on cross-examination of prosecutrix, as to whether certain man had given her a bottle of liquor on night of offense, how she undressed and where she slept that night, whether she slept with her clothes on, where she went on next day, and whether she ever talked to defendant thereafter, *held* erroneous as unduly restricting defendant's right to inquire as to extent of her intoxication and how it affected her memory.

1. Impeachment of verdict, see notes in 24 **Am. Dec.** 477; 46 **Am. St. Rep.** 819. See, also, 27 **R. C. L.** 896.

Witnesses — Parties may Impeach Witness' Testimony by Showing
    That He was Drunk at Time of Events Testified to.

6. Parties are at liberty to impeach testimony of witness by
showing that he was drunk at time of events about which he tes-
tifies.

Rape—Witnesses—Testimony as to Other Unchaste Acts of Prose-
    cutrix is Inadmissible, Even to Affect Her Credibility, in Trial
    for Statutory Rape.

7. In trial for rape on girl under age of consent, testimony as
to other acts of unchastity by her is inadmissible, even to affect
her credibility as witness, force not being essential element of
crime.

Witnesses—Witness cannot be Impeached on Collateral or Immate-
    rial Matters.

8. It is improper to impeach a witness on collateral or immate-
rial matters.

Witnesses—Defendant may Question Prosecutrix as to Statements,
    Inconsistent With Her Testimony, Respecting Time, Place and
    Manner of Rape (Or. L., § 864).

9. Under Section 864, Or. L., defendant in rape trial is entitled
to question prosecutrix as to statements, inconsistent with her tes-
timony, respecting time, place and manner of offense.

Criminal Law—Instruction That Defendant is Presumed Innocent
    Until Proved Guilty by Competent Evidence "to Degree
    Stated" Held Erroneous, Where Court had not Instructed Jury
    on Reasonable Doubt.

10. Instruction that defendant is presumed to be innocent
throughout trial, or until jury are satisfied of his guilt by compe-
tent evidence "to degree stated," *held* erroneous, where court had
not advised jury of necessity of establishing guilt beyond reason-
able doubt.

Criminal Law, 16 **C. J.**, p. 990, n. 3, p. 1239, n. 99; 17 **C. J.**,
p. 246, p. 73.

Rape, 33 Cyc., p. 1424, n. 71, p. 1479, n. 75, p. 1481, n. 82.

Witnesses, 40 Cyc., p. 2480, n. 59, p. 2512, n. 43, p. 2513, n. 46,
p. 2574, n. 42, p. 2602, n. 40, p. 2620, n. 48, p. 2699, n. 38, p. 2714,
n. 93.

From Columbia: J. A. EAKIN, Judge.

Department 2.

REVERSED AND REMANDED.

6. Impeachment of witness for drunkenness, see notes in 82
Am. St. Rep. 26; 16 Ann. Cas. 368. See, also, 28 R. C. L. 618.

7. Admissibility of evidence of other acts of unchastity, see
notes in 14 L. R. A. (N. S.) 723; 48 L. R. A. (N. S.) 270. See,
also, 22 R. C. L. 1211.

For appellant there was a brief over the names of *Messrs. Malarkey, Seabrook & Dibble, Mr. C. W. Robison* and *Mr. Harold Banta* with an oral argument by *Mr. Dan J. Malarkey.*

For respondent there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. John L. Foote,* District Attorney.

BELT J.—Defendant appeals from a judgment of conviction of the crime of rape upon one Betty Gassner, a girl about 15 years old and under the age of consent.

Defendant and his friend Earl Elliott were attending a public dance. While there the defendant, a man of 27 years of age, met Betty for the first time. It was not a matter of formal introduction. It appears, without contradiction that she had several drinks of moonshine whisky at the dance, but they were not given to her by defendant. After the dance was over, Betty and a girl companion started home in an automobile with defendant and his friend. They did not, however go directly home but drove in an opposite direction turning off on a side road from the Columbia River Highway. The State contends the crime was committed along this country road. Defendant admits taking Betty and her friend on this automobile ride as above stated but asserts that he was acting only in the role of a "Good Samaritan." He says that Betty was boisterously and hilariously drunk; that he stopped the car when she became sick; and that he assisted her while she vomited. He denies ever having had sexual intercourse with her. This is a meager statement of the sordid

facts of this case, but we think it sufficient to comprehend the legal questions involved.

1, 2. Before the taking of testimony the jury viewed the premises where the crime was alleged to have been committed. A contention arose as to whether it was possible for the defendant, with his heavy Hudson coach, to have driven to one side of the road without being mired. During the course of the trial, without the knowledge or consent of the court, two of the jurors drove their automobile to the place in question and conducted an independent experiment to see whether it was possible for the defendant to have driven his car at the place and in the manner as claimed by the prosecutrix. On the basis of the affidavits of these jurors, a new trial was asked by defendant but refused by the trial court. It is well established in this jurisdiction that a juror cannot thus impeach his verdict. This question has so many times been decided adversely to the contention of appellant that it is not deemed necessary again to cite authorities. However, what was said in *State* v. *Ausplund,* 86 Or. 121 (167 Pac. 1019), is particularly applicable and controlling. The misconduct of the jurors might well have been considered in contempt of court, but it did not warrant the granting of a new trial.

3–5. We think there is merit in the contention of counsel for appellant that the court unduly restricted his cross-examination of the prosecutrix. While the extent of the examination is largely a matter of discretion, it is well established that, in this kind of cases much latitude is allowed: *State* v. *Weston,* 102 Or. 102 (201 Pac. 1083). The very nature of the charge is apt to arouse sympathy and create bias. The testimony of the prosecutrix should, therefore, be sub-

jected to the closest scrutiny as in most instances the conviction of the defendant hinges upon whether the jury believes the woman or the man. Ordinarily, third persons are not present at the time of the commission of the alleged crime. Defendant was entitled to test the accuracy and probability of the girl's story from every angle. It is true that the examination cannot extend indefinitely into the field of incompetent, immaterial or collateral matters, but it is better to err on the side of liberality than to deny defendant the right to make a searching inquiry. The entire transcript of the evidence has been read to determine this phase of the case. Consider the following portions of the record on direct examination:

"Q. Betty, before you got into this car with George McKiel and Toby Elliott, had you had anything to drink that evening?    A. Yes, I had.

"Q. Betty, at the time when you started on this ride that evening in George McKiel's car, had this liquor affected you in any way?    A. I guess it did.

"Q. Can you explain to the jury as to just what extent and in just what manner it had affected you? Did it affect your memory so that you could not remember what happened?    A. No, it didn't. * * "

On cross-examination:

"Q. Do you know Mr. Snyder?    A. Yes, I do.

"Q. Had he given you a pint bottle of liquor on that Saturday night in question, after Thanksgiving, 1925, before you went to this dance?

"District Attorney: Your Honor, I object to that question, as incompetent, immaterial and irrelevant.

"Court: I will sustain the objection. * *

"Q. Before that you had never talked to him (referring to Elliott)?

"Court: Objection sustained. * *

"Q. How did you undress that night, when you went to bed?

"Court: I will sustain the objection. * *

"Mr. Robison: Your Honor, the witness claims that her memory was good that night, although she had been drinking. I wish to show that she was intoxicated, and further, this question will go toward her credibility.

"Court: I do not believe it is competent.

"Q. Where did you sleep that night, when you got home to the Hooper place?

"Court: Objection sustained.

"Q. Did you sleep with your clothes on, that night in question?

"Court: Objection sustained. * *

"Q. Where did you go the next day, after the 28th of November 1925?

"Court: Objection sustained.

"Q. Did you ever talk to him (defendant) after that night?

"Court: Objection sustained.

6. The record is replete with instances wherein the court, in our opinion, unnecessarily limited the cross-examination. Defendant's theory was that the prosecutrix was so drunk that she did not know what she was doing. It would seem, therefore, that he would have a right to inquire as to the extent of her intoxication and in what way, if at all, it affected her memory: *State* v. *Edwards,* 106 Or. 58 (210 Pac. 1079). As was said by Mr. Justice BROWN in the case last cited:

"There is an unbroken line of adjudications, holding that parties in the trial of a cause are at liberty to impeach the testimony of a witness by showing that he was drunk at the time of the events about which he testifies."

Also see *Pickering* v. *State* (Okl. Cr. App.), 240 Pac. 1095; 28 R. C. L. 618; 40 Cyc. 2574.

7. Counsel for appellant, for the purpose of attacking the credibility of the prosecutrix, propounded

many questions concerning other acts of alleged un-chastity by her. Since the girl was under the age of consent and force is not an essential element of the crime, it is clear that this line of inquiry was not proper and had no relevancy to the issue. In some jurisdictions it is permitted, as affecting the credibility of the witness, but not so in this state: *State v. Ogden,* 39 Or. 195 (65 Pac. 449). The girl is not on trial and it would be unfair to allow evidence of other specific acts of unchastity where there would be no opportunity to make any defense against such accusations. It would only tend to confuse the jury as to the real issue: Did defendant have sexual intercourse with this girl? The authorities are thoroughly reviewed in the Ogden case and the reasons for the adoption of such rule are well stated. We deem it unnecessary to repeat them.

8, 9. Error was also committed in sustaining objections to questions asked of the prosecutrix for the purpose of establishing a basis for her impeachment by showing inconsistent statements. It is improper to impeach a witness upon collateral or immaterial matters but, certainly, defendant was entitled to show statements made by Betty Gassner relative to the time, place and manner of the commission of the alleged crime, inconsistent with her testimony: Section 864, Or. L.

10. Exception was taken to the following instruction:

"The defendant is presumed to be innocent from the beginning of the trial of this case and this presumption remains with him throughout the trial of the case, or until you are satisfied by competent evidence, *to the degree stated,* of his guilt."

The court had not, previous to this instruction, advised the jury that it was incumbent upon the state to establish the guilt of the defendant beyond a reasonable doubt. The degree of proof had not been stated. It is doubtful whether this instruction was prejudicial in the light of the general charge wherein the doctrine of reasonable doubt was ably and accurately explained to the jury, but it is,. nevertheless, a form of instruction which should be avoided.

There are other assignments of error but we do not consider it necessary to discuss them as it is believed that, on retrial they will be cured by adherence to the legal principles here announced.

The judgment of conviction is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.

BEAN and BROWN, JJ., concur.