Argued October 16; affirmed November 19; rehearing denied
December 17, 1929

STATE *v.* HENRY OLSEN

(282 Pac. 226)

For appellant there was a brief over the name of *Messrs. Powers* and *Swope* with an oral argument by *Mr. Frank E. Swope.*

For respondent there was a brief and oral argument by *Mr. John L. Foote,* District Attorney.

COSHOW, C. J. ■ Defendant was convicted of the crime of statutory rape and sentenced to serve five years in the state penitentiary. Appellant assigns 18 alleged errors, which he presents in his brief under seven different heads. All of the alleged errors from the first to the fifteenth, inclusive, are based on rulings

of the court on the admissibility of testimony. Most of these assigned errors are predicated upon questions propounded upon cross-examination. I have carefully read the testimony, considered the rulings, and find no error in rejecting the testimony offered and excepted to. Substantially all of the matters sought to be brought out by the cross-examination were answered by the witness without objection. The cross-examination was very long and included many repetitions. An examination of the record discloses that the trial court was very lenient and patient. The prosecuting attorney was very far from being captious. Nearly all of his objections, which were sustained by the court, were made only after the questions had been asked and answered a number of times. The charge is a very serious one and defendant was entitled to make a rigid cross-examination of the prosecuting witness: *State v. McKiel,* 122 Or. 504, 507-8 (259 P. 917). That privilege was allowed him by the court, and defendant has no ground for complaint.

■ The 16th assignment is based on the court's order denying defendant's motion for a directed verdict in his favor. There was direct and positive evidence of defendant's guilt. The court could not have taken the case from the jury without violating the law.

■ Two assignments are made on account of instructions given. The first instruction to which exception is taken is as follows:

"The state, however, is not required to prove this fact (penetration) by positive evidence."

The exception to the instruction is based on the use of the word "positive" without defining that word as used in the charge to the jury.

"The term 'positive' has been applied in a number of cases to evidence which is direct as distinguished

from circumstantial evidence, but a more accurate use of the term is to denote affirmative as distinguished from negative evidence'': 22 C. J. 66, § 9.

Positive Evidence in Bouvier's Law Dict. Baldwin's Rev. The context clearly shows that the word ''positive'' was used for the more accurate term ''direct.'' The meaning of the court is clear, and we are of the opinion that the jury could not have been misled. The word is not a technical one requiring explanation to an ordinary jury. There is very respectable authority for using it in the connection employed by the learned trial judge and if its use was error at all it was not harmful.

■ Another objection to an instruction is to the use of this sentence:

''If, therefore, the evidence offered by the state convinces you beyond a reasonable doubt that the defendant was at the time the offense is alleged to have been committed, over the age of 16 years, and that Mabel Olsen was at the time charged, under the age of 16 years, and that defendant then had carnal knowledge of the person of said Mabel Olsen, you should find the defendant guilty as charged.''

The particular objection is that the evidence of the defendant as well as the state must be considered and that by the expression ''evidence offered by the state,'' as used in the instruction, the jury was not required to consider the evidence of the defendant. But in other parts of the instructions, which must be taken as a whole (*State v. Rosasco,* 103 Or. 343, 358, pt. 8) the court very emphatically instructed the jury that before it could convict it must be satisfied beyond a reasonable doubt of every fact necessary to constitute the crime charged in the indictment. The jury was also

very clearly instructed what the necessary facts to convict are. The court also gave this instruction:

"Before you can convict the defendant, each of you must be satisfied, beyond a reasonable doubt, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless each of you are so convinced by the evidence of the defendant's guilt, then you must find the defendant not guilty."

The instructions as a whole are eminently fair. The judge presiding at the trial was an able judge of many years experience. Defendant was afforded every opportunity to defeat the charges made by the state, and failed. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BELT and BROWN, JJ., absent.