## TOM GOSSETT v. STATE.

No. A-7573. Opinion Filed Aug. 29, 1930.
(291 Pac. 575.)

Darnell & LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of selling one pint of whisky to R. J. Smith, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for a period of 60 days, from which judgment the defendant has appealed to this court.

R. J. Smith was called as a witness for the state, and, in substance, testified he was acquainted with the defendant, Tom Gossett; that on the 8th day of September, 1928, he was at defendant's place of business on the highway west of Arapaho, and bought a pint of whisky from the defendant, paying $2 for it.

On cross-examination, witness admitted he was specially hired to detect violators of the prohibition laws, and claims he was getting $10 per day and expenses, which included money to buy whisky from the parties. The cross-examination further discloses he had been engaged in this business of detecting those he claims were violators of the prohibitory laws in different counties throughout the state. His brother D. E. Smith testified, in substance, to the same facts as R. J. Smith testified to; each admitting they were special detectives or hirelings going around over the country soliciting individuals to sell them whisky or violate the prohibition laws.

The defendant says he did not sell the state witnesses any whisky; that they came to his house one night and called him out of bed, and he went out and got them some gasoline or oil and sold them what they wanted, but he did not sell any whisky to them; that, if any whisky was had there, it was whisky the witnesses had with them. In the trial of the case, many statements were made by the court and objections sustained, which prompts the defendant in his appeal to say that he did not secure a fair and impartial trial.

The defendant has assigned five errors alleged to have been committed by the trial court during the trial of his case. The defendant first discusses the third assignment of error, which is as follows:

"The court erred in not allowing the defendant the proper latitude in cross-examination of paid detectives, who appeared as witnesses in said cause."

The record has been carefully examined, and while there were many questions propounded to the state witnesses by the defendant, to which objections were sustained, under the circumstances the court should have granted the defendant a great deal more latitude in his cross-examination than he did grant.

In Grim v. State, 32 Okla. Cr. 297, 240 Pac. 1093, in the third paragraph of the syllabus, this court said:

"In prosecutions under the liquor laws, it is proper to allow a searching cross-examination of spotters, private detectives, or paid informers for the purpose of showing their interest in the case before the court, and thereby affecting their credibility."

In this case the testimony is contradictory. The evidence on behalf of the state against the defendant is the testimony of the Smith brothers, both of whom admit they were each receiving $10 per day and expenses, including money to buy whisky, and that they were hired for the sole purpose of spotting violators of the liquor laws and making witnesses of themselves.

The record in this case shows that the two witnesses for the state testify as to the purchase of a pint of whisky; they called at the home of the defendant at a late hour in the night and got him up, and claim to have bought the whisky from him. The defendant denies he sold the whisky. This brings about a direct conflict in the testimony, and the jury found for the state. This court, where the testimony is conflicting, will not disturb the verdict of the jury, but, in view of the testimony in the record showing that these spotters were hirelings brought

into the state to try to detect law violators, and in view of the further fact that the quantity of whisky alleged to have been purchased is small, and in view of the further fact the court restricted the defendant in his cross-examination of the paid informers and did not permit the defendant to fully cross-examine them for the purpose of showing their interest before the court and jury, and thereby affecting their credibility, we believe that a fine of $100 and 30 days in jail is sufficient under all the circumstances in the case, and the judgment is modified to a fine of $100 and 30 days' imprisonment in the county jail, and, as so modified, is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.