[Crim. No. 2942. Second Appellate District, Division Two.—February 5, 1937.]

THE PEOPLE, Respondent, v. BELLA SINGH, Appellant.

Hitchcock, Cook & Obegi and Wiley J. Shannon for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Defendant was convicted after trial by the court without a jury of violation of section 500 of the Vehicle Code. This appeal is from the judgment and order denying a new trial.

The facts are these:

August 4, 1936, a collision occurred on Ventura Boulevard near the intersection of Whitsett Avenue in the county of

Los Angeles between two automobiles, one driven by defendant and another operated by Fred Bain. At the point of intersection Ventura Boulevard runs approximately east and west. Defendant was driving in an easterly direction on the boulevard, while the car operated by Fred Bain was traveling westerly on the same highway. Irene Liston was riding in the car being operated by Bain and received injuries as a result of the collision from which she died.

Defendant testified that the collision occurred at a point on the south side (that is while he was on his side) of Ventura Boulevard, while Fred Bain gave testimony that the accident occurred on the north side (that is on his side) of Ventura Boulevard.

This is the sole question necessary for us to determine:

█ *Did the trial court commit prejudicial error in sustaining an objection to an offer of defendant to prove that the witness, Fred Bain, was intoxicated at the time of the accident?*

During the course of the trial Fred Bain was sworn as a witness and testified as follows:

"Q. What was the last thing you recall before you were in the field, Mr. Bain?

"A. The lights looming up just ahead of me.

"Q. At that time, on which side of the highway were you?

"A. I was on my right. On the right side of the highway."

Thereafter on cross-examination and by another witness defendant offered to prove that Fred Bain was intoxicated at the time of the accident. Objection was made to this offer of proof and sustained by the trial court.

The law is settled in this state that it is proper to show, as affecting his capacity to observe, recollect, and communicate, that a witness was intoxicated at the time the events narrated occurred. (27 Cal. Jur. 119, sec. 93; *People* v. *Bennett*, 79 Cal. App. 76, 94 [249 Pac. 20]; *People* v. *Salladay*, 22 Cal. App. 552, 554 [135 Pac. 508].)

Hence in the instant case the testimony excluded by the trial court was admissible, and, in view of the fact that the witness had testified to a vital issue in the case, to wit, that he was on the right side of the highway at the time the accident occurred, this error was highly prejudicial to defendant's

rights, and the judgment is not saved by the provision in section 4½, article VI of the Constitution of California.

The judgment appealed from is reversed.

Crail, P. J., and Wood, J., concurred.