[Crim. No. 340.   Fourth Appellate District.—February 17, 1937.]

## THE PEOPLE, Respondent, v. AUDIE LIONBERGER, Appellant.

J. R. Le Gallez for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendants were accused of the crime of grand theft and convicted by a jury. From the judgment which followed the defendant Lionberger has appealed.

It appears from the evidence that on the night of September 19, 1936, one Alvah Wing parked his automobile near a dance hall known as "Bob's Place" in the city of Ontario. Shortly after 1 o'clock A. M. on that night Wing left the dance hall and found that his car was gone. He immediately reported the loss at the police station and a few minutes later two police officers and another man, who were driving around in a police radio car, came across Wing's car on a side street about four and one-half blocks from the dance hall. Wing's car was stopped opposite a vacant lot with its engine running and its lights on and as the police car came up the other car made a quick movement forward for about two feet, after which the engine stopped, apparently because the driver had stalled his engine in attempting to start too quickly. Just as the officers got out of the police car the defendant Morris came running up. One of the officers asked Morris where he got Wing's car and he replied: "I did not steal no car." The appellant, who was sitting behind the wheel of Wing's car, was taken to the police station, where he told the officers that he "got it at Bob's Place" and that "We were going to Oklahoma." Morris ran away before the officers took the appellant to the police station. He was apprehended the next day, when he told the officer that he and the appellant had come from Bob's Place, that they

found the automobile and got into it, that the appellant said they would take the car and go to Oklahoma, and that he tried to prevent the appellant from doing this. At the trial the appellant testified that when he got into Wing's car he thought it was a car belonging to a friend of his named Fletcher.

The first point raised is that the court committed prejudicial error in refusing to permit counsel for the appellant, upon cross-examination, to ask the prosecuting witness whether he was drunk or sober when he left his car outside of Bob's Place. Such a question was asked and an objection sustained. The respondent concedes that this was error, citing *People* v. *Salladay,* 22 Cal. App. 552 [135 Pac. 508], *People* v. *Bennett,* 79 Cal. App. 76 [249 Pac. 20], and *Silvey* v. *Harm,* 120 Cal. App. 561 [8 Pac. (2d) 570]. Although this ruling was erroneous, no attempt is made to show that any prejudice resulted therefrom. It is not claimed that the question, if allowed, would have been answered favorably to the appellant and it may be observed, in this connection, that the report made by the prosecuting witness at the police station indicates that the answer would have been unfavorable since this witness was able to give an unusually good and detailed description of his car. No offer was made to prove that this witness was not sober at the time in question. It appears without dispute that the car in question was the property of Wing who had just reported the theft of his car at the police station. The car was found shortly thereafter with the appellant behind the wheel with the lights on and the engine running. An attempt was made to start the car when the officers came up and the car was moved a few feet. Both of the defendants admitted that they had been at Bob's Place and had left there about the time the car disappeared, and the appellant admitted to the officers that he took the car from that place. If the testimony of Wing as to the exact place where he left his car be disregarded the evidence, with the reasonable inferences therefrom, is sufficient to support the judgment and, under the circumstances, the error in question is not sufficiently prejudicial to justify a reversal (*Silvey* v. *Harm, supra; People* v. *Hoffman,* 199 Cal. 155 [248 Pac. 504].)

Appellant's second point is that the court erred in refusing to allow a witness for the state to finish his recital of

a conversation with the appellant. This witness on direct examination was asked what else the appellant had said, to which he replied: ''Well, he asked me if I could do anything to get him out of that mess. He said 'you were young once, and we were out having a good time and I haven't done anything'.'' The witness was then asked what the appellant had said respecting his connection with the automobile. Counsel for the appellant interrupted to insist that the witness be permitted to finish any conversation he might have had with the appellant. The court stated that the witness would be permitted to finish any conversation pertaining to this transaction. Immediately thereafter the witness was asked what other conversation he had had with the appellant concerning his connection with the automobile, to which he replied: ''That was all.'' The court opened the door to all of the conversation pertaining to this transaction, the witness stated that he had given all thereof, and no attempt was made on cross-examination to bring out anything else. No error appears.

It is next contended that the court erred in commenting upon the evidence. This is based upon two comments or statements made by the trial court, which are as follows:

''Now the question of who stole the automobile is here before you. That the machine was stolen apparently is without controversy. The question, and the only question for you to determine, is who stole the automobile. The facts are the stolen property was in the possession of the defendants.

There is no evidence to the contrary; there is no conclusion to the contrary.''

''The only question, as I said before, and I wish to accent it, is for you to keep in mind that the question before you, and the question to be determined by you, is who stole the automobile.''

A reading of the transcript discloses that no question was raised as to the fact that the automobile in question had been taken from where it was parked near the dance hall. The defense relied upon was that the appellant and his companion had found it about four and one-half blocks away, where the officers later found them, and that the appellant thought it belonged to a friend of his. This defense rests upon the inference that someone else had moved the automobile to the place where the appellant claimed to have found it. In

effect the court, in these comments, left it with the jury to decide whether or not the appellant was the person who took the automobile from the place where it had been parked by its owner. The court was not making an argument to the jury within the meaning of the decision in *People* v. *Talkington*, 8 Cal. App. (2d) 75 [47 Pac. (2d). 368]. The court twice instructed the jurors that they were the exclusive judges of the evidence and the credibility of the witnesses and that the court did not intend in any way to entrench upon their province or duty in that respect. In our opinion no reversible error appears. (*People* v. *De Moss*, 4 Cal. (2d) 469 [50 Pac. (2d) 1031].)

▮ The last point raised is that the court erred in failing to submit to the jury a form of verdict permitting them to find the appellant guilty of attempted grand theft. Not only was no request therefor made by the appellant, but we find nothing in the evidence to justify the submission of such a matter. Under the evidence submitted the appellant was either guilty of grand theft or he was not guilty.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.