[Civ. No. 10604.   First Appellate District, Division Two.—December 29, 1937.]

R. F. HOLSER et al., Appellants, v. MONTEREY COUNTY TRUST & SAVINGS BANK (a Corporation), Executor, etc., Respondent.

Fred A. Shaeffer for Appellants.

Sidney L. Church for Respondent.

NOURSE, P. J.—On February 25, 1937, the plaintiff commenced this action against the executor of the estate of F. E. Earl to recover upon two promissory notes executed by the deceased—one on December 14, 1922, the other on January 21, 1927. The first note called for the payment of $122, the second for $428.67. To toll the running of the statute of limitations the plaintiff pleaded a letter which the deceased addressed to him on December 17, 1928, in which deceased promised to pay plaintiff ''when I can''. It was then alleged that deceased ''within four years last past'' had accumulated enough money to pay said indebtedness; also that on November 30, 1928, the deceased was duly adjudged a bankrupt. The prayer was for recovery upon the notes with the interest specified therein from date of execution. The defendant answered that the action· was barred ''by subdivisions 1 and 2 of section 337 of the Code of Civil Procedure'' and by the discharge in the bankruptcy proceedings pleaded in the complaint.

The evidence disclosed that the written promise to pay when able was executed after the decedent was adjudicated a bankrupt but before his discharge. It disclosed that in 1930 and 1931 the deceased had acquired equities in certain real and personal property and had raised substantial crops on farming lands owned or operated by him; that he resided and was engaged in business during that period in Monterey County, and that he had made numerous deposits in cash with a local bank during that period far in excess of his indebtedness to plaintiff. On this evidence the trial court found that for more than four years prior to the commencement of the action the deceased was able to pay the indebtedness; that the

action was barred by section 337 of the Code of Civil Procedure and by the proceedings in bankruptcy.

█ This opinion can be confined to two of the points raised by the appellant—the sufficiency of the plea of the bar of the statute, and the sufficiency of the evidence of ability to pay at a time four years prior to the commencement of this action.

The answer pleaded a bar by "subdivisions 1 and 2 of section 337 of the Code of Civil Procedure". Section 458 of this code provides: "In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section—(giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure". The pleading complies with the demands of this section. Appellant relies on *Overton* v. *White*, 18 Cal. App. (2d) 567 [64 Pac. (2d) 758, 65 Pac. (2d) 99]. The case is not in point. The pleading there criticized read: "barred by section 337, chapter III, title II, part II". It was there held that this did not meet the requirement to plead the subdivision of the section "if it is so divided". Here the action was one coming within the terms of the first subdivision of section 337. The pleading of the second subdivision was surplusage, but harmless. Appellant argues that, since the defense relied on proof of ability to pay for more than four years, it was necessary to plead the facts showing such condition. But section 458 provides that it is not necessary to state the facts showing the defense, and we cannot add a condition to the statute.

█ The facts hereinbefore stated show that the deceased was in possession of considerable property and funds in 1930 and 1931. The trial court held that deceased was able to pay the indebtedness at that time. The evidence, though meager, is sufficient to support this finding and this supports the conclusion that the action is barred.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.