177 P.2d 468

**STATE v. TAYLOR.**

No. 7323.

Supreme Court of Idaho.

Feb. 11, 1947.

James, Shaw & James, of Gooding, for appellant.

314

Robert Ailshie, Atty. Gen., J. R. Smead,. Asst. Atty. Gen., and Perce Hall, Pros. Atty., of Mountain Home, for respondent.

GIVENS, Justice.

Appellant was convicted of involuntary manslaughter on an information charging as the details of the commission or means. of accomplishment of the offense: (1) Driving while under the influence of in-- toxicating liquor, violative of Sec. 48-502,. I.C.A., and (2) driving carelessly, reck- lessly, heedlessly, and feloniously, without due caution and circumspection on *his* left- hand side of the highway, violative of Sec. 48-511, I.C.A.; (emphasis ours) thus accus- ing appellant of manslaughter by doing a. lawful act (driving an automobile) in an unlawful manner, i. e. while under the in- fluence of liquor and carelessly, etc. with- out due caution and circumspection on the wrong side of the road.[1] Sec. 17-1106(2), I.C.A.

The State contends appellant, while un- der the influence of intoxicating liquor,.

[1] " * * * that said defendant Ray Taylor was then and there wilfully, un- lawfully, carelessly, heedlessly and reck- lessly driving his said motor vehicle upon said highway while under the influence of intoxicating liquor and that said de- fendant then and there unlawfully, reck- lessly, carelessly, heedlessly, felonious- ly and without due caution and circum- spection, but without malice, did drive and operate his said motor vehicle down the center of said highway without leav- ing sufficient room upon his left hand side of said highway for a motor vehicle

driving his automobile east on Highway 30 about a mile west of King Hill at 5:30 in the morning of September 23, 1945, on his left or wrong side of the highway, so crowded and/or struck deceased's automobile coming from the east as to cause it to veer partly off the highway, then on and across the highway, where it overturned and injured deceased, from which injuries he died.

Appellant, in substance, denied he was intoxicated or driving on the wrong side of the road, or that he crowded or struck deceased's car or any car.

The court in addition to the two grounds alleged in the information, instructed that:

"It is unlawful for any person to drive a vehicle upon a public highway within this state carelessly, heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property."

Such being violative of Section 48-503, I.C.A., and that if the jury found "that the killing occurred while the defendant was in the breach of any one of the statutory rules governing the operation of a motor vehicle upon the public highway, as charged in the information," etc., the defendant would be guilty of manslaughter.

While in the latter instruction, the court referred to the violation of the statute 'as contained in the information,' the last clause in the quoted instruction was not in the information at all and the preceding clause pertained to driving on the wrong side of the road.

The verdict was general and the jury, under the above instruction, could have found the defendant guilty on a ground not contained in the information and which appellant had not been advised by the information to meet. The quoted portion of the instruction, therefore, was prejudicial. State v. Loveless, 39 N.M. 142, 42 P.2d 211.

Appellant assigns as error the action of the trial court in sustaining objections to questions asked of the witness Casey, who was deceased's companion in the fated car,

---

to pass, and that said defendant then and there drove his said motor vehicle on his left hand side of said highway, and in the center thereof, as the motor vehicle of the said Forrest Wood approached to pass the automobile of said defendant, and that the said Forrest Wood was compelled by reason of the unlawful acts of said defendant as aforesaid suddenly to swerve his said motor vehicle to his right shoulder of the road to avoid a collision, but that in spite of the efforts of the said Forrest Wood to avoid a collision, the motor vehicle of said defendant struck and collided with the motor vehicle of the said Forrest Wood, and that by reason of and as a result of the unlawful acts of the defendant as aforesaid the automobile of the said Forrest Wood went out of control, left the highway and overturned, causing mortal injuries to the person of the said Forrest Wood from which and as a result of which the said Forrest Wood, a human being, thereafter died on September 25, 1945."

as to whether they had been drinking intoxicating liquor shortly prior to the accident, and appellant's following offer of proof:

"We wish to show by this witness on cross-examination that he and the driver of the car, Forrest Wood, stopped at the club at Bliss, which is approximately thirty-some miles east of the point where the collision took place, and shortly before the accident Wood took several drinks of intoxicating liquor. That is what we want to bring out by this witness—and Wood as well as this witness taking the drinks of intoxicating liquor."

■ The authorities fairly well support the rule that as bearing on the ability of a witness to see and perceive and remember the events of the occurrence about which he is testifying thus affecting his credibility, evidence of his then intoxication is admissible. People v. Singh, 19 Cal.App.2d 128, 64 P.2d 1149; Bouyer v. State, 57 Okl. Cr. 22, 43 P.2d 153; Prochneau v. State, 32 Okl.Cr. 210, 240 P. 1090; Grim v. State, 32 Okl.Cr. 297, 240 P. 1093; Pickering v. State, 32 Okl.Cr. 315, 240 P. 1095; State v. McKiel, 122 Or. 504, 259 P. 917; People v. Crow, 48 Cal.App.2d 666, 120 P.2d 686; Dunville v. State, 188 Ind. 373, 123 N.E. 689.

■ These questions and the offer, however, did not encompass intoxication, but merely the drinking of intoxicating liquor; therefore, even under the rule contended for by appellant (applicable to Casey as a witness and deceased's condition as bearing on proximate cause,) there was no error in sustaining objections to the questions or offer of proof.

■■ Contributory negligence is not a defense in a criminal case. State v. Gee, 48 Idaho 688, 284 P. 845; State v. Brooks, 49 Idaho 404, 288 P. 894. Appellant, nevertheless, contends the deceased's negligence, if any, (asserted by appellant to be occasioned by deceased's putative intoxication and apparently driving at an excessive speed) would have a legitimate bearing upon what was the proximate cause of the accident and that Instruction No. 24[2] should have been given. The instruction requested, however, was not confined to proximate cause, but left it wide open for the jury to give effect to the deceased's negligence, if any, as a defense. Its rejection, therefore, was not erroneous. People v. Marconi, 118 Cal.App. 683, 5 P.2d 974, 976.

The court's instructions, except as first noted herein, were adequate and sufficiently covered the points in appellant's requests.

---

[2] "You are instructed that if you find from the evidence that Forrest Wood was negligently or recklessly driving his automobile along the highway at the place where the defendant was driving his automobile, then you should take into consideration such facts if disclosed by the evidence, and if after having done so you have a reasonable doubt in your mind as to the guilt of the defendant, you should resolve that doubt in favor of the defendant and acquit him."

■ Under State v. Frank, 51 Idaho 21, 28, 1 P.2d 181, the evidence was insufficient to show appellant was driving while under the influence of intoxicating liquor.

Inasmuch as the cause is being reversed and a new trial granted, we will not further discuss the evidence as bearing on the remaining and sufficient ground in the information; i e. driving recklessly, etc. on the left-hand side of the road. Sec. 19-1313, I.C.A.; State v. Brown, 36 Idaho 272, 211 P. 60; State v. Monteith, 53 Idaho 30, 20 P.2d 1023; State v. Goldizen, 58 Idaho 532, 76 P.2d 278.

The judgment is reversed and the cause remanded for a new trial.

HOLDEN and MILLER, JJ., concur.

AILSHIE, J., concurs in conclusion reached.

BUDGE, Chief Justice (concurring in part and dissenting in part).

In Instruction No. 9, the following paragraph of which is inserted in the majority opinion: "It is unlawful for any person to drive a vehicle upon a public highway within this state carelessly, heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property," the court is held to have erred prejudicially. After referring to the above paragraph, the majority opinion states that the last clause in the quoted instruction, to-wit, "and at a speed or in a manner so as to endanger or be likely to endanger any person on property" was not in the information at all. The language in the information is as follows:

" * * * while under the influence of intoxicating liquor and carelessly, recklessly and heedlessly in wilful and wanton disregard of the rights of others, and without due caution and circumspection and in a manner so as to endanger or be likely to endanger persons and property, * * *"

The only additional words added to the instruction, and upon which a reversal is based, is the inclusion in the instruction of the words *"and at a speed."* In other words, had the court omitted the words last above quoted, the instruction would have followed identically the information.

Reading the instructions together as a whole, to my mind the adding of the above quoted words was not prejudicial and did not deprive appellant of any substantial right.

The majority opinion also stated that the preceding clause, to-wit: "It is unlawful for any person to drive a vehicle upon a public highway within this state carelessly, heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection," pertained to driving on the wrong side of the road.

In said instruction the court probably had in mind Section 48-503, I.C.A.

Throughout the entire information appellant is charged with driving, and necessarily at a speed, not with reckless driving under the statute, but in a manner while under the influence of intoxicating liquor and carelessly, recklessly and heedlessly in wilful and wanton disregard of the rights of others and without due caution and circumspection and in a manner so as to endanger persons and property. Therefore, the jury could not have found appellant guilty on any ground not contained in the information, which appellant had not been advised to meet.

In my opinion the instruction is not subject to the hypercritical rule applied. Appellant was charged with driving unlawfully, in disregard of law, and in a manner that resulted in the killing of Wood. Under the information the State would be permitted to prove the speed or manner of appellant's driving at the time Wood was killed. State v. Brooks, 49 Idaho 404, at page 410, 288 P. 894.

The word "wilful" as used in a statute containing a criminal offense means more than intention to do a thing. It implies doing the act purposely and deliberately, indicating a purpose to do it without authority—careless whether he has the right or not—in violation of law. The term "unlawfully" implies that an act is done or not done as the law allows or requires. The statute, section 48-503, supra, provides:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wil-ful or wanton disregard of the rights or safety of others, or without due caution and circumspection *and at a speed* or in a manner so as to endanger or be likely to endanger any person or property * * *". (Emphasis mine.)

By the use of the words *"and at a speed"* the court did not instruct the jury that the defendant might be found guilty of reckless driving, no such allegation appears in the information, and no issue is made upon the question of reckless driving within the meaning of section 48-503, supra.

In Instruction No. 14 the court instructed the jury:

"If you find from the evidence beyond a reasonable doubt that the defendant killed deceased and that such killing was involuntary on his part; and if you also find beyond a reasonable doubt that the killing occurred while the defendant was in the commission of a breach of any one of the statutory rules governing the operation of vehicles upon a public highway, *as charged in the information,* and was the result of such unlawful act, then and under such circumstances the defendant would be guilty of involuntary manslaughter and you should so find by your verdict." (Emphasis mine.)

The court also instructed the jury of the *particular* breach or breaches of the statutory rules governing the operation of vehicles upon a public highway pertinent to the action, *which did not include reckless driving.*

We must assume the jury followed the instructions and all agreed that appellant had committed the acts charged in the information. The verdict was not based upon the conclusion that appellant was guilty of driving at an excessive rate of speed, and therefore the instruction, even though improper, may be disregarded. State v. Monteith, 53 Idaho 30, 20 P.2d 1023; Callahan v. State, 14 Ga.App. 442, 81 S.E. 380; Quinn v. State, 22 Ga.App. 632, 97 S.E. 84; State v. Barnes, Mo.App., 256 S.W. 496; State v. Prouty, 94 Vt. 359, 111 A. 559; Guy v. State, 37 Ind.App. 691, 77 N.E. 855.

It is a general rule that judgments will not be reversed because of errors that are harmless which do not prejudice the substantial rights of appellant or affect the result of the action. Territory v. Neilson, 2 Idaho (Hasb.) 614, 23 P. 537; State v. Bond, 12 Idaho 424 (Syl. 5), 86 P. 43; State v. Mickey, 27 Idaho 626, 150 P. 39; State v. Fuller, 34 Mont. 12, 85 P. 369, 8 L.R.A.,N.S., 762, at page 770, 9 Ann.Cas. 648. Futhermore, the courts have been admonished by the legislature (sec. 19-3602, I.C.A.) and properly so, that—

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." See, also, sec. 5-907, I.C.A.

The purpose of this section is to admonish the courts in criminal procedure that errors or mistakes which do not tend to prejudice the substantial rights of the defendant should be disregarded. State v. Hunsaker, 37 Idaho 413, 216 P. 721; State v. McLennan, 40 Idaho 286, 231 P. 718. This section was enacted for the express purpose of avoiding many miscarriages of justice occasioned by strict adherence to old rule of presumption that any error is prejudicial. State v. Ireland, 9 Idaho 686, 75 P. 257; State v. Jurko, 42 Idaho 319, 245 P. 685.

I am convinced this case should be disposed of upon the record now before us to the end that speedy justice be done. I therefore dissent from a reversal of the judgment, and from the order remanding the cause for a new trial.