(July 8, 1915.)

STATE, Appellant, v. F. M. MICKEY, Respondent.

[150 Pac. 39.]

INVOLUNTARY MANSLAUGHTER—FACTS CONSTITUTING ELEMENTS OF—
SUFFICIENCY OF INFORMATION.

   1. Where it clearly appears from the facts set forth in the information that the defendant is charged with the crime of involuntary manslaughter, and the acts or elements which constitute the offense of involuntary manslaughter are sufficiently charged to enable a person of common understanding to know what is intended, the information is sufficient, even though it fails to allege that the defendant is charged with the crime of involuntary manslaughter, and makes the general charge of manslaughter. The facts alleged, rather than the designation of the offense, control.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Information charging respondent with manslaughter, to which a demurrer and motion to quash were sustained. Judgment *reversed.*

J. H. Peterson, Atty. Genl., E. G. Davis and T. C. Coffin, Assts., R. L. Givens, Pros. Atty., E. P. Barnes, and J. M. Parrish, Deputies, and Barber & Davison, for Appellant.

"If the substantial facts necessary to constitute the crime charged appear in the indictment or information, it will be held sufficient." (*State v. Smith,* 25 Ida. 541, 138 Pac. 1107; *State v. Sly,* 11 Ida. 110, 80 Pac. 1125; *State v. Squires,* 15 Ida. 545, 98 Pac. 413; *State v. Rathbone,* 8 Ida. 161, 67 Pac. 186.)

The guilt or innocence of the defendant is to be determined not from the allegations of the information but from the evidence introduced as bearing upon whether or not the ultimate conclusion alleged by the pleader to the effect that his conduct was so negligent as to make him criminally responsible would sustain a verdict of guilty. (*State v. Wagner*

(R. I.), 86 Atl. 147; *Anderson v. State,* 27 Tex. App. 177; 11 Am. St. 189, 11 S. W. 33, 3 L. R. A. 644; *Belk v. People,* 125 Ill. 584, 17 N. E. 744.)

The pleader in the case at bar by the omission of the terms "deliberately" or "wilfully" or any synonyms has cured any possible ambiguity and has placed squarely before the defendant the charge of involuntary manslaughter. (*People v. Pearne,* 118 Cal. 154, 50 Pac. 376; *Pittsburgh, C. C. & St. L. Ry. Co. v. Ferrell,* 39 Ind. App. 515, 78 N. E. 988, 80 N. E. 425; *Johnson v. State,* 66 Ohio St. 59, 90 Am. St. 564, 63 N. E. 607, 61 L. R. A. 277 (note).)

"The distinction between voluntary and involuntary manslaughter is now obsolete at common law. Any unlawful and wilful killing of a human being without malice is manslaughter and thus includes a negligent killing, which constitutes in the absence of wilfulness involuntary manslaughter." (*United States v. Meagher,* 37 Fed. 875.)

This information complies strictly with sec. 7677, Rev. Codes, and there is no showing that the information is so insufficient as to tend to prejudice a substantial right of the defendant upon the merits. (*People v. King,* 27 Cal. 507, 87 Am. Dec. 95; *People v. Cronin,* 34 Cal. 191; *Commonwealth v. Webster,* 5 Cush. (59 Mass.) 295, 52 Am. Dec. 711; *People v. Murphy,* 39 Cal. 52; *People v. Davis,* 73 Cal. 355, 15 Pac. 8; *People v. Hyndman,* 99 Cal. 1, 33 Pac. 782; *State v. Moore,* 129 Iowa, 514, 106 N. W. 16; *People v. Abbott,* 116 Mich. 263, 74 N. W. 529.)

C. H. Edwards, for Respondent.

The information is not direct and certain as to the kind of manslaughter intended to be charged, and the information can only contain the crime of involuntary manslaughter, because said defendant was held to the district court for that crime only. (*State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047.)

In order to sustain conviction for involuntary manslaughter, it is necessary that it be distinctly charged in the indictment as such. (Wharton on Homicide, pp. 835, 879;

*Walters v. Commonwealth,* 44 Pa. 135; *Commonwealth v. Gable,* 7 Serg. & R. (Pa.) 423; *Bruner v. State,* 58 Ind. 159; *Brown v. State,* 110 Ind. 486, 11 N. E. 447; *United States v. Hess,* 124 U. S. 483, 8 Sup. Ct. 571, 31 L. ed. 516.)

There is not a single fact alleged from which the court can tell whether or not the manner of running the car was dangerous; the only thing which would give the court any impression that the car was running in a dangerous manner is the conclusion that the prosecuting attorney has inserted in the information that the car was run negligently. He should have set out some acts on the part of the defendant upon which the state would rely to prove negligence, carelessness and lack of caution. (*United States v. Holtzhauer,* 40 Fed. 76; *People v. McKenna,* 81 Cal. 158, 22 Pac. 488; *State v. Smith,* 25 Ida. 541, 138 Pac. 1107; *Corker v. Pence,* 12 Ida. 152, 85 Pac. 388; *People v. Neil,* 91 Cal. 465, 27 Pac. 760; *Evans v. United States,* 153 U. S. 584, 14 Sup. Ct. 934, 38 L. ed. 830; *Ehrlick v. Commonwealth,* 125 Ky. 742, 128 Am. St. 269, 102 S. W. 289, 10 L. R. A., N. S., 995; *Fletcher v. State,* 2 Okl. Cr. 300, 101 Pac. 599, 23 L. R. A., N. S., 581; *State v. Lowe,* 66 Minn. 296, 68 N. W. 1094; *State v. Costello,* 62 Conn. 128, 25 Atl. 477; *Miller v. United States,* 133 Fed. 337, 66 C. C. A. 399; *State v. McFadden,* 48 Wash. 259, 93 Pac. 414, 14 L. R. A., N. S., 1140; *People v. Olmstead,* 30 Mich. 431; *State v. Whitney,* 54 Or. 438, 102 Pac. 288; *State v. Lay,* 93 Ind. 341.)

"It is an elementary rule of pleading that every material fact, essential to the commission of a criminal offense, must be distinctly alleged in the indictment." (Joyce on Indictments, p. 259 (citing many cases); *People v. Albow,* 140 N. Y. 130, 35 N. E. 438; *Armour Packing Co. v. United States,* 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A., N. S., 400; *People v. Logan,* 1 Nev. 110, 22 Cyc. 336, and citations.)

BUDGE, J.—The information in this case, leaving out the merely formal parts, is as follows:

F. M. Mickey, on or about October 11, 1914, in the county of Ada, while engaged and occupied in running and oper-

ating a motor vehicle, to wit, an automobile, on the public highways of the state of Idaho in the county of Ada, to wit, on the Valley road, a public highway of the state of Idaho, at a point on such road at or near the intersection of Rose street and the said valley road, *did, unlawfully and feloniously run and operate said motor vehicle negligently and carelessly and without due caution by then and there driving said motor vehicle at such a rate of speed and in such a manner as to endanger the lives and limbs of persons passing by on said highway.* By reason of which said negligence, carelessness and lack of caution, the said defendant did then and thereby unlawfully and feloniously drive said automobile against the person of one Allan Pearson, thereby inflicting upon the said Allan Pearson mortal wounds, from the effects of which he died. And so the said F. M. Mickey, defendant, did, in the manner and form aforesaid, unlawfully and feloniously, but without malice, kill the said Allan Pearson, and commit the crime of manslaughter.

To this information the defendant below, and the respondent here, filed a motion in the trial court to quash, upon the ground and for the reason that said information was filed without authority, and that the defendant had never been held by an order of any magistrate for his appearance in the district court on the charge of manslaughter, except the crime of involuntary manslaughter; that the information does not charge that said defendant committed the crime of involuntary manslaughter; and does not charge, in its charging clause, the crime of involuntary manslaughter.

A demurrer was also interposed to the information by the defendant on the ground, first, that the facts stated in said information do not constitute a public offense; second, that said information does not substantially conform to the requirements of sections 7677, 7678 and 7679, Rev. Codes.

The trial court sustained both the motion to quash and the demurrer. This case is here on an appeal by the state from the order of the court sustaining the motion to quash and the demurrer.

Sec. 7687, Rev. Codes, provides: ''No indictment [or information] is insufficient, nor can the trial, judgment, or proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits.''

Sec. 8236, Rev. Codes, provides: ''Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right.''

Sec. 7685, Rev. Codes, provides: ''Words used in a statute to define a public offense need not be strictly pursued in the indictment; but other words conveying the same meaning may be used.''

Sec. 7686, Rev. Codes, provides: ''The indictment is sufficient if it can be understood therefrom:

''1. That it is entitled in a court having authority to receive it, though the name of the court be not stated;

''2. That it was found by a grand jury of the county in which the court was held [or that the information of the county prosecuting attorney is based upon proceedings regularly had before, and the commitment of, a magistrate];

''3. That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury unknown;

''4. That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein;

''5. That the offense was committed at some time prior to the time of finding the indictment;

''6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended;

''7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court

to pronounce judgment upon conviction, according to the right of the case."

In our opinion, all of these facts are alleged with sufficient certainty in the information. The defendant is charged with unlawfully and feloniously, negligently and carelessly, and without due caution, operating a motor vehicle by then and there driving it at such a rate of speed and in such a manner as to endanger the lives and limbs of persons passing by on the highway. And by reason of the rate of speed and dangerous manner of running said motor vehicle, such acts being the result of lack of due caution and circumspection by defendant, the motor vehicle was driven against the person of Allan Pearson, causing his death. We, therefore, think that all of the necessary facts constituting the elements of involuntary manslaughter are sufficiently charged.

Where it clearly appears from the facts set forth in the information that the defendant is charged with the crime of involuntary manslaughter, and the acts or elements which constitute the offense of involuntary manslaughter are sufficiently charged to enable a person of common understanding to know what is intended, the information is sufficient, even though it fails to allege that the defendant is charged with the crime of involuntary manslaughter, and makes the general charge of manslaughter. The facts alleged, rather than the designation of the offense, control.

We have carefully examined the briefs of counsel, and authorities cited, and have reached the conclusion that, under the rules of pleading in criminal actions prescribed by the criminal code of this state, the information is sufficient, and charges the defendant with involuntary manslaughter.

We are therefore constrained to hold that the trial court erred in sustaining the motion to quash and the demurrer to the information. The orders of the trial court are reversed and the cause remanded with instructions to the trial court to deny the motion to quash and overrule the demurrer.

Sullivan, C. J., and Morgan, J., concur.