(No. 6463.   January 29, 1938.)

STATE, Appellant, v. EARL GOLDIZEN, Respondent.

[76 Pac. (2d) 278.]

J. W. Taylor, Attorney General, Ariel L. Crowley and R. W. Beckwith, Assistants Attorney General, for Appellant.

A. F. James, for Respondent.

HOLDEN, C. J.—The information in the case at bar charged:

"That the said Earl Goldizen near Shoshone in the County of Lincoln and State of Idaho, on or about the 8th day of November, 1936, and while engaged and occupied in running, driving and operating a motor vehicle on the public highway within Lincoln County, Idaho, approximately three miles south of Shoshone, Idaho, on Highway No. U. S. 93, did unlawfully and feloniously run and operate said motor vehicle

negligently and carelessly and without due caution by then and there driving the same at a rate of speed and in such a manner as to endanger the lives and limbs of persons riding within said automobile so operated and driven by the said Earl Goldizen and persons being upon and passing by upon said highway; and that while the said defendant was so operating said automobile at said time and place, by reason of said carelessness, negligence and lack of caution, the defendant then and there unlawfully and feloniously drove said automobile into and against the rear end of a truck and trailer parked at the west side of said highway; that as a direct result thereof one Esther R. Dockter, a passenger in said automobile so operated and driven by the defendant, then and there received mortal wounds and injuries, from the effects of which she, the said Esther R. Dockter, died within a period of one hour from the time said wounds and injuries were so inflicted upon her; and so the said Earl Goldizen, defendant did in the manner and form aforesaid, but without malice, kill the said Esther R. Dockter and commit the crime of involuntary manslaughter.''

The respondent demurred to the information upon numerous grounds. The trial court sustained some and overruled others. The grounds sustained and which are material on this appeal are as follows: That the allegation that respondent was driving his automobile at a rate of speed as to endanger the lives and limbs of persons riding within the automobile does not set out the offense in ordinary and concise language or in such a manner as to enable a person of common understanding to know what is intended; that the information does not set out the particular circumstances of the offense charged, and that it is too indefinite and uncertain to advise the respondent of the offense charged; that the ''information does not enable a person of common understanding to know what is intended by the information or to know with what offense the defendant is charged, if any, and does not meet the requirements of subdivision 2 of Sec. 19–1309 Idaho Code Annotated (1932).''

Leave was granted the prosecuting attorney to file a new information, which he declined to do. Final judgment on de-

murrer was then entered, the respondent discharged, and his bail exonerated, from which judgment the state appeals.

The respondent contends that the decision in *State v. McMahan,* 57 Ida. 240, 65 Pac. (2d) 156, amply justified the lower court in sustaining the demurrer. "That is, we believe that the McMahan case is ample authority to support the ruling of the lower court that the Information in question did not meet the requirements of Subdivision two of Section 19–1309 and Subdivision three of Section 19–1311 I. C. A." On the other hand, the state contends that: "The authority for the form of information held insufficient on demurrer in this case is found in the case of *State v. Mickey,* 27 Ida. 626, 150 Pac. 39." We quote the information in the Mickey case, so far as pertinent here:

"F. M. Mickey, on or about October 11, 1914, in the county of Ada, while engaged and occupied in running and operating a motor vehicle, to wit, an automobile, on the public highways of the state of Idaho in the county of Ada, to wit, on the Valley road, a public highway of the state of Idaho, at a point on such road at or near the intersection of Rose street and the said valley road, *did, unlawfully and feloniously run and operate said motor vehicle negligently and carelessly and without due caution by then and there driving said motor vehicle at such a rate of speed and in such a manner as to endanger the lives and limbs of persons passing by on said highway.* By reason of which said negligence, carelessness and lack of caution, the said defendant did then and thereby unlawfully and feloniously drive said automobile against the person of one Allan Pearson, thereby inflicting upon the said Allan Pearson mortal wounds, from the effects of which he died. And so the said F. M. Mickey, defendant, did, in the manner and form aforesaid, unlawfully and feloniously, but without malice, kill the said Allan Pearson, and commit the crime of manslaughter."

A comparison of the informations in the Mickey case and the case at bar at once discloses that in material and essential particulars they are identical in that in both cases the information charges the means by which, as well as the manner in which, the crime was committed. In the McMahan case,

*supra,* the information did not allege either the means by which, or the manner in which, the crime was committed. It was therefore held to be insufficient.

Upon the authority of *State v. Mickey, supra,* the final judgment on demurrer of the trial court sustaining respondent's demurrer is reversed.

Morgan, Ailshie and Givens, JJ., concur.

BUDGE, J., Concurring Specially.—I concur in the conclusion reached upon the authority of *State v. Mickey,* 27 Ida. 626, 150 Pac. 39, and *State v. Brooks,* 49 Ida. 404, 405, 288 Pac. 894, and my dissenting opinion in *State v. McMahan,* 57 Ida. 240, 65 Pac. (2d) 156.