21 P.3d 895

**Robin Lee ROW, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondents.**

No. 26508.

Supreme Court of Idaho, Boise, January 2001 Term.

March 1, 2001.

Rehearing Denied April 13, 2001.

Hampton and Elliott, Boise, for appellant. Teresa A. Hampton argued.

Hon. Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for respondents. Kenneth M. Robins argued.

EISMANN, Justice.

This is a motion by the respondents to dismiss the appeal from the district court's summary dismissal of Robin Row's second application for post-conviction relief and request for habeas corpus relief. For the reasons stated below, we dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

Robin Row was found guilty of aggravated arson and of the first degree murders of her husband and two children, and on December 16, 1993, she was sentenced to death. On January 26, 1994, Row filed a notice of ap-

peal, and on March 17, 1994, she filed an application for post-conviction relief. The two attorneys who had represented Row at trial withdrew, and new attorneys were appointed to represent her on the appeal and in her post-conviction proceedings. On March 11, 1996, the court dismissed Row's application for post-conviction relief, and she appealed that dismissal. The appeals were consolidated, and on March 18, 1998, the Idaho Supreme Court issued its decision upholding Row's conviction and sentence and the dismissal of her first petition for post-conviction relief. *State v. Row*, 131 Idaho 303, 955 P.2d 1082 (1998).

On November 2, 1999, Row filed a second petition for post-conviction relief, which also included a claim for habeas corpus relief. The state moved for summary dismissal of the post-conviction proceedings on the ground that Row did not comply with the requirements of Idaho Code § 19–2719(5). That statute provides that a defendant sentenced to death who fails to file a petition for post-conviction relief within 42 days of the entry of the judgment imposing the death sentence is deemed to have waived any claims for relief that were known or reasonably should have been known. It further provides that if the defendant files a subsequent petition for post-conviction relief raising issues that the claims were not and reasonably could not have been known, such petition must precisely state the issues raised and be accompanied by sworn statements from credible persons with first-hand knowledge setting forth the material facts supporting those issues. A subsequent petition that fails to comply with the requirements of Idaho Code § 19–2719(5) is to be summarily dismissed.

The state moved to dismiss the claim for habeas corpus relief on the ground that Row was challenging only the conditions of her confinement, which are not cognizable in a post-conviction proceeding. The district court granted the state's motions, and Row filed this appeal. The state then moved to dismiss the appeal.

## ISSUES ON APPEAL

1. Did the district court err in summarily dismissing Row's second application for post-conviction relief?

2. Did the district court err in summarily dismissing Row's claim for habeas corpus relief?

3. Should this court consider issues that were raised by Row for the first time on appeal?

## STANDARD OF REVIEW

 Idaho Code § 19–2719 provides that in a death penalty case, the defendant must raise all claims for post-conviction relief that are known or reasonably should be known in one post-conviction proceeding filed within forty-two days after the entry of the judgment imposing the death sentence. The failure to do so constitutes a waiver of those claims. *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999); I.C. § 19–2719. Any claims actually asserted on direct appeal are barred as res judicata, and any claims raised in a prior application for post-conviction relief are barred by operation of Idaho Code § 19–2719(5). *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999). If a successive application for post-conviction relief does not show that the claims were not known and reasonably could not have been known within forty-two days of judgment, then the application must be dismissed summarily. *Id.*; I.C. § 19–2719(5).

## ANALYSIS

1. **DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING ROW'S SECOND APPLICATION FOR POST-CONVICTION RELIEF?**

a. **Allegations regarding *ex parte* communications by trial judge.**

 The first issue raised by Row in her successive application for post-conviction relief is that she was denied a fair trial and sentencing because of ex parte communications by the trial judge who presided over her criminal proceedings. Row alleges that such communications occurred with two of the state's witnesses Joan McHugh and her son John Blackwell. Approximately one year

before Row was charged with the crimes in her criminal case, Joan McHugh's husband Bernard McHugh was charged with and sentenced for two felony check charges. The trial judge who presided over Row's criminal proceedings also presided over Mr. McHugh's criminal proceedings. Row contends that as a result of presiding over the criminal case against Mr. McHugh, the trial judge had information that was not available to Row. Both Mr. McHugh and Row were represented by the Ada County Public Defender's office, and Row's trial counsel called Mr. McHugh as a defense witness and specifically questioned him about his conviction for a felony. The fact that the same trial judge presided over both Row's and Mr. McHugh's criminal proceedings was also a matter of public record. The court below did not err in summarily dismissing this claim because it was known or reasonably could have been known by Row at the time she filed her first petition for post-conviction relief.

 Row also alleged that while the criminal proceedings were pending against her, Joan McHugh and John Blackwell began attending the same small church of which the trial judge was a long-time member, and the pastor of that church accompanied Mrs. McHugh to Row's trial, including when Mrs. McHugh testified. There is no allegation that the trial judge actually engaged in any ex parte communications with either Mrs. McHugh or John Blackwell. In fact, Row provided the affidavit of the pastor who stated that she never saw the trial judge talk to or be within speaking distance of either Mrs. McHugh or Mr. Blackwell and that she did not speak to the trial judge during the trial or sentencing. Row argues that because the trial judge and Mrs. McHugh both attended the same church, he may have given more weight to Mrs. McHugh's testimony when deciding to impose the death sentence.

 Citing *State v. Wood,* 132 Idaho 88, 967 P.2d 702 (1998), *cert. denied,* 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999), the court below held that these allegations did not even raise an issue of prejudice, and dismissed this claim on that basis. "Church affiliation alone is not a reasonable basis for questioning a judge's impartiality." *Id.* at 95, 967 P.2d at 709. The factual allegations, even if true, would not cast doubt on the reliability of Row's conviction or sentence. I.C. § 19 2719(5)(b). The court below also held that Row had failed to make a prima facie showing that these alleged facts were not known and could not reasonably have been known when Row's first petition for post-conviction relief was filed. The court below did not err in summarily dismissing this claim.

**b. Proceedings in the criminal case held outside the presence of Row.**

 Row next alleged that critical proceedings in her criminal case were held outside her presence. She lists numerous such occurrences, and supports each one with a citation to the clerk's record or reporter's transcript from the appeal in her criminal case. The court below correctly dismissed this claim because this issue was ascertainable upon a review of the record which was available at the time of Row's first post-conviction relief proceeding.

**c. Allegations of prosecutorial misconduct.**

 Row alleged that the state withheld information about the criminal activities of Joan and Bernard McHugh, and that such information was relevant to their credibility. As mentioned above, Mr. McHugh was charged with two felony counts of issuing a check with insufficient funds and two counts of burglary. On January 10, 1991, he pled guilty to the two felony check charges, and he was sentenced about one month later. On December 26, 1990, Mrs. McHugh was charged with one count of issuing an insufficient funds check, but that charge was ultimately dismissed in September 1991. In Row's criminal trial, both the prosecution and the defense elicited testimony about the McHughs' criminal conduct. Because Row's trial counsel knew about, and made the jury aware of, the McHughs' criminal activities, the court below properly dismissed this claim. In addition, such evidence would be merely impeaching. I.C. § 19–2719(5)(b). The court below correctly dismissed this claim.

■ Row alleges that the prosecuting attorney in her criminal case engaged in various types of misconduct. She claims that the state allowed Joan McHugh to testify while knowing that Mrs. McHugh's testimony was not worthy of belief; that the state misrepresented to the trial judge the significance of Row's brain atrophy as revealed on CT scans; that the prosecuting attorney engaged in improper argument to the trial judge and to the jury and presented unscientific and misleading testimony through state agents regarding the criminal investigation; that state's agents inappropriately disturbed and tampered with, or failed to secure, the crime scene; and that they failed to use appropriate scientific methodology and misrepresented evidence, either intentionally or negligently, to the jury and to the trial judge. The court below properly dismissed these claims because Row made no attempt to show that these alleged facts were not known or could not reasonably have been known at the time of her first post-conviction proceeding.

**d. Denial of funds for expert witnesses.**

■ Row alleges that the judge presiding over her first post-conviction proceeding denied her request for funds to hire experts specializing in neurology and psychiatry to determine whether she suffered any organic brain damage associated with the brain atrophy reflected by the comparison of CT brain scans taken in late 1991 and early 1993. In her petition in this case, Row admits that this issue was presented in her first petition for post-conviction relief and that the Idaho Supreme Court held that the judge did not abuse his discretion because Row had failed to make an adequate showing for the need for such expert testimony. She contends that such a showing has been made in her second petition for post-conviction relief. The court below properly dismissed this claim because there was no showing that the facts Row now attempts to present were not known or could not reasonably have been known at the time she brought her first petition for post-conviction relief.

**e. Ineffective assistance of counsel on prior post-conviction relief.**

■ Row also alleges that counsel in her first petition for post-conviction relief was ineffective for failing to properly investigate her brain atrophy. As the court below properly held, the ineffectiveness of counsel in a prior post-conviction proceeding is not a ground for relief in a subsequent post-conviction proceeding. *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999); *Lee v. State*, 122 Idaho 196, 832 P.2d 1131 (1992).

**f. Ineffective assistance of trial counsel in criminal case.**

Row contends that her trial counsel was ineffective for failing to discover the criminal histories of the McHughs; for failing to object to the state's misrepresentations of evidence; for participating in conferences in chambers outside the presence of Row; for failing to adequately investigate Row's alleged brain damage; for failing to obtain experts to review the state's arson/murder investigation; for failing to present issues affecting the constitutionality of Row's death sentence; for failing to object to the submission of special verdicts to the jury; for allowing Row to make a statement in allocution without knowing that such statement would include incriminating admissions based upon hypnotic memory enhancement; and for failing to argue at trial that the court's determination that two statutory aggravating factors were established as a matter of law impermissibly shifted the court's responsibility to the jury. The court below properly dismissed these claims because Row failed to show that any of the claims were not known and could not reasonably have been known at the time she filed her first petition for post-conviction relief.

**g. Ineffective assistance of appellate counsel.**

In her second petition, Row alleges that her appellate counsel was ineffective for failing to raise on appeal the following issues:

i. The denial of admission of impeachment evidence of a critical state's witness, Joan McHugh;

ii. The admission at trial of prejudicial, unreliable hearsay regarding statements allegedly made by Petitioner, Randy Row, Joshua Cornellier, Tabitha Cornellier, Sue Fellen;

iii. Failure to raise, brief and argue the trial courts [sic] denial of two motions to disqualify based on bias and prejudice including the judge's reliance on special verdicts by the jury to conclude "as a matter of law" the existence of two aggravating factors rather than comply with the statutory scheme and make an independent finding of fact regarding the existence of statutory aggravating factors;

iv. Failure to raise, brief and argue the erroneous denial of a mistrial based upon the State's contempt in following line of inquiry barred by court to the prejudice of petitioner; (Regarding State's enquiry with every psychiatrist in the county.)

v. Failure to raise and argue trial court's error in finding that jury verdict finding compelled finding of two aggravating factors as a matter of law as an unconstitutional shift of the court's responsibility to the jury;

vi. Failure to raise, argue and brief the erroneous admission of prior bad acts allegedly committed by Petitioner without sufficient foundation to the extreme prejudice of Petitioner;

vii. Failure to adequately argue, brief and present the issue of denial of confrontation by consideration of unreliable hearsay submitted in the presentence report;

viii. Failure to raise, brief and argue the constitutional error in the trial court's denial of Petitioner's motion to change venue;

ix. Failure to raise, develop, argue and brief trial counsel's failure to secure experts to review the agents' investigation and failed [sic] to effectively confront state's agents and investigators and allowing [sic] nonscientific and improper testimony to be presented.

Row also alleges that her appellate counsel was ineffective for failing to raise on appeal the claim that she was denied a fair trial "by the adverse publicity and courtroom disruptions during the trial."

The court below dismissed the claim of ineffective assistance of appellate counsel on the ground that Row had not shown that the above-listed claims were not and could not reasonably have been known at the time of her first post-conviction proceeding. Under the circumstances of this case, the lower court erred in basing the dismissal on that ground.

 A criminal defendant has a constitutional right to the effective assistance of counsel on the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Counsel who represented Row on the appeal in her criminal case also represented her in her first post-conviction proceedings, which were prosecuted simultaneously with the appeal. Under those circumstances, where the same counsel was prosecuting both the appeal and the simultaneous post-conviction proceedings, to hold that her counsel's failure to raise in the post-conviction proceedings the alleged errors they were making while prosecuting the appeal would effectively preclude Row from ever having the opportunity to raise a claim of ineffective assistance of appellate counsel. In fact, Row's first petition for post-conviction relief was dismissed by the trial court over one year before her opening brief was filed on the appeal in her criminal case. Thus, these claims should not have been dismissed on the ground stated by the lower court. Where the lower court reaches the correct result by an erroneous theory, however, this Court will affirm the order on the correct theory. *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999); *State v. Avelar*, 129 Idaho 700, 931 P.2d 1218 (1997).

 Idaho Code § 19–2719(5) provides that in a successive post-conviction petition, the applicant must provide both "a precise statement of the issue or issues asserted" and "material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues asserted." It further provides, "A pleading that fails to make a showing of excepted issues supported by material facts, or which is not credible, must be summarily dismissed." In this case, the petition listed

various issues that Row desired to raise regarding the effectiveness of her appellate counsel, but it did not include, nor was it accompanied by, sworn statements setting forth the material facts supporting those issues. Therefore, the claims of ineffective assistance of appellate counsel on the appeal in Row's criminal case were properly dismissed. *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999); Idaho Code § 19–2719(5).

### 2. DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING ROW'S CLAIM FOR HABEAS CORPUS RELIEF?

 In her petition, Row also included a claim that the length and conditions of her solitary confinement, while awaiting the outcome of her legal proceedings challenging her conviction and death sentence, constitute cruel and unusual punishment. Allegations challenging the conditions of confinement must be brought by a petition for habeas corpus under the Idaho Habeas Corpus and Institutional Litigation Procedures Act, Idaho Code §§ 19–4201 *et seq.*, and not by a petition for post-conviction relief under Idaho Code § 19–2719. A petition for habeas corpus must be filed in the district court of the county in which the person is detained. I.C. § 19–4202. Row filed the petition in this case in Ada County. Because Row was at the time being detained at the Pocatello Women's Correctional Center, the proper place to file a petition for habeas corpus was Bannock County. The lower court did not err in dismissing this claim without prejudice. If Row desires to challenge the conditions of her confinement, she can file a petition for habeas corpus in the proper county.

### 3. SHOULD THIS COURT CONSIDER ISSUES THAT WERE RAISED BY ROW FOR THE FIRST TIME ON APPEAL?

 In response to the motion to dismiss, Row also challenges the constitutionality of Idaho Code § 19–2719. That issue was not raised in the lower court. The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1992). The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. *Id.* Because there are no subsequent proceedings in this case, the exception does not apply. Therefore, this Court will not consider the constitutional issues raised by Row for the first time on appeal.

### CONCLUSION

Idaho Code § 19–2719 provides that a person sentenced to death must prosecute a petition for post-conviction relief within 42 days of the filing of the judgment imposing the death sentence. It further provides that any issues that were not raised in that petition are waived if they were known or reasonably should have been known. In a successive petition for post-conviction relief, the petitioner must show that the issues raised are excluded from the operation of Idaho Code § 19–2719. To do so, the petitioner must show that the issues were not known and could not reasonably have been known when the first petition was prosecuted, and he must provide sworn statements of the material facts supporting those issues. I.C. § 19–2719(5)(a). A successive petition that fails to do so must be summarily dismissed. I.C. § 19–2719(5)(a). Because Row failed to show that the issues raised in her successive petition were excluded from the operation of Idaho Code § 19–2719, the lower court properly dismissed the petition. We therefore grant the state's motion to dismiss this appeal.

TROUT, C.J., and SCHROEDER, WALTERS and KIDWELL, JJ., concur.