**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40733**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 98 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ARTHUR GENE SCHMIERER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying Rule 35 motion for correction of an illegal sentence, reversed; judgment of conviction and sentence for second count of enticing children over the Internet, vacated.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Arthur Gene Schmierer appeals from the district court's denial of his Idaho Criminal Rule 35 motion for correction of an illegal sentence. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Over the course of three days, Schmierer engaged in an online chat with an individual he believed to be a thirteen-year-old girl, but was actually a detective. In those online chats with the detective, he engaged in sexually explicit conversations and made arrangements to meet to engage in sexual conduct. When Schmierer arrived at the designated meeting place, he was arrested. Based on these facts, Schmierer was indicted by a grand jury for one count of enticing children over the Internet, Idaho Code § 18-1509A, and one count of attempted lewd conduct with a minor under the age of sixteen, I.C. §§ 18-306, 18-1508.

1

Pursuant to plea negotiations, and without resubmitting the matter to a grand jury, the State filed an amended superseding indictment in which Count II, attempted lewd conduct, was stricken and a second charge of enticing children over the Internet was substituted. Schmierer agreed to plead guilty to both counts of enticing children over the Internet as charged in the amended indictment. As part of the plea agreement, Schmierer agreed to "waive any possible deficiencies in the original charging document" and the United States Attorney's Office agreed to refrain from filing additional federal charges. The district court accepted the binding plea agreement and imposed a unified ten-year sentence with a five-year determinate term on each count, ordering the sentences to be served consecutively.

Schmierer subsequently filed an Idaho Criminal Rule 35 motion to correct an illegal sentence. Schmierer asserted that the amended indictment was improperly signed by the prosecutor instead of the grand jury foreperson, and was therefore invalid and failed to confer subject matter jurisdiction on the district court as to Count II. Following a hearing on the motion, the district court denied Schmierer's motion finding that Schmierer "specifically waived any defects in the charging document" and that he could not now claim that his sentence was illegal. Schmierer timely appeals.

## II.

## ANALYSIS

Schmierer argues that the district court erred in denying his Rule 35 motion to correct an illegal sentence. Specifically, Schmierer contends that the prosecutor's amendment of the indictment, without resubmitting the matter to the grand jury, was without legal authorization and, therefore, failed to confer subject matter jurisdiction on the district court as to Count II. The issue of whether a district court had subject matter jurisdiction may be raised by a Rule 35 motion to correct an illegal sentence. *State v. Lute*, 150 Idaho 837, 841, 252 P.3d 1255, 1259 (2011).

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of an indictment or information alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. Because the indictment or information provides subject matter jurisdiction to the district court, the district court's jurisdictional power depends on the charging document being legally sufficient to survive

2

challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.* at 701, 101 P.3d at 757. To be legally sufficient, a charging document must meet two requirements; that is, it must impart jurisdiction and satisfy due process. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009).

Article I, section 8, of the Idaho Constitution provides, "No person shall be held to answer for any felony . . . unless on presentment or indictment of a grand jury or information of the public prosecutor, after a commitment by a magistrate . . . ." Because a felony can only be prosecuted by an indictment found by a grand jury or by an information based upon the commitment of a magistrate (following a preliminary hearing or its waiver), Idaho Code § 19-1420 provides, "An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer." *State v. Flegel*, 151 Idaho 525, 526, 261 P.3d 519, 520 (2011).

The State can amend an indictment without resubmitting the matter to a grand jury so long as the amendment does not charge the defendant with an "additional or different offense" or prejudice the defendant's substantial rights. I.C.R. 7(e); *Severson*, 147 Idaho at 709, 215 P.3d at 429. In determining whether an amended indictment is permissible, "the facts alleged, rather than the designation of the offense, control." *State v. Mickey*, 27 Idaho 626, 631, 150 P. 39, 40 (1915). Thus, the State can amend an indictment to allege a lesser offense that is included in the offense charged where the acts alleged in the original indictment are the same as those alleged in the amended indictment. *Flegel*, 151 Idaho at 530, 261 P.3d at 524. However, the State may not allege an offense premised on different facts than the original offense. *Id.*

As amended, Count II alleged:

> That the Defendant, ARTHUR G. SCHMIERER, on or about between November 22, 2008 and January 9, 2009, in the County of Canyon, State of Idaho, did knowingly use the internet to solicit, seduce, lure, persuade or entice by word or action or both, a person Defendant believes to be a minor child under the age of sixteen (16) years to engage in any sexual act with or against the child where such act is a violation of Chapter 15, 61, or 66, Title 18, Idaho Code, and that the Defendant is at least eighteen (18) years old.

Schmierer contends that because the amended indictment charged him in Count II with a different crime than that charged in the original indictment, the amendment was a nullity and did not impart subject matter jurisdiction on the district court. Schmierer asserts that the amended

Count II alleged a different crime because enticing children over the Internet and attempted lewd conduct (as originally charged) are, indeed, different crimes. The State acknowledges that they are different crimes. Neither party suggests that enticing children over the Internet is a lesser included offense of attempted lewd conduct. Schmierer also contends that the amended Count II is factually distinct from either the attempted lewd conduct charge or the enticing children over the Internet charge in Count I. While the amended Count II does not contain any specific factual allegations, Schmierer cites to a hearing transcript in which the prosecutor informed the court that it stemmed from an earlier communication with a different law enforcement official pretending to be a minor in Utah, while the original indictment involved communications with an official pretending to be a minor in Idaho. The State does not contest the statements of the prosecutor, only their import. The State notes that the amendment itself does not allege a factual basis and that the crime is committed whether originating in Idaho (as here) or received in Idaho.

The State points out that the issue here is jurisdiction, not due process. In that regard, an indictment confers jurisdiction in a criminal case if it merely alleges an offense was committed within the state of Idaho. *State v. Quintero*, 141 Idaho 619, 621, 115 P.3d 710, 712 (2005). As set forth above, Count II of the amended indictment alleges that the crime of enticing children over the Internet, in violation of I.C. § 18-1509A, originated in the state of Idaho. Thus, argues the State, jurisdiction was conferred. Since this matter involves only a Rule 35 illegal sentence motion solely challenging jurisdiction, the State contends that the motion was properly denied.[1]

Some support for the State's position can be found in *Severson*. There, as to the jurisdictional question, the Supreme Court simply stated that because the original and amended indictments alleged that Severson committed a criminal offense, first degree murder, in the state of Idaho, they vested the trial court with jurisdiction. *Severson*, 147 Idaho at 708, 215 P.3d at 428. The Court stated that the "remaining issue then, is whether the amended indictment

---

[1] The district court found that pursuant to the plea agreement, Schmierer waived any defects in the charging document and was thus precluded from later claiming that his sentence on the amended indictment was illegal. However, a challenge asserting the charging document is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. *State v. Jones*, 140 Idaho 755, 758, 101 P.3d 699, 702 (2004). Therefore, Schmierer's purported waiver of defects in the charging document does not extend to his challenge of subject matter jurisdiction. The State acknowledges that the waiver does not preclude a jurisdictional challenge, but asserts that this Court should affirm on the correct theory. *Row v. State*, 135 Idaho 573, 579, 21 P.3d 895, 901 (2001).

4

complied with due process." *Id*. The Court thereafter analyzed whether the amendment complied with due process, I.C.R. 7(e) and I.C. § 19-1420, concluding that "the amendment was permissible under principles of due process and Rule 7(e)." *Severson*, 147 Idaho at 710, 215 P.3d at 430. However, in more recent cases, the Idaho Supreme Court has not simply declared that jurisdiction was conveyed by looking solely at whether the indictment charged a crime in Idaho. In *Lute*, despite an indictment and an amended indictment alleging a crime in Idaho, the Court held that because the grand jury's term had expired, there was no indictment at all and the trial court did not have subject matter jurisdiction. *Lute*, 150 Idaho at 841, 252 P.3d at 1259. In *Flegel*, the Supreme Court extended the rationale of *Lute* to a defective amendment of the indictment. There, the State, without resubmitting the matter to the grand jury, filed an amended indictment charging a crime that the Court determined was not a lesser included offense of the crime charged in the original indictment. The Court stated that the prosecutor had no authority to file an amended indictment charging a crime that was not an included offense under the original indictment. *Flegel*, 151 Idaho at 530, 261 P.3d at 524. The Court concluded that since the amended indictment had not been issued by a grand jury, it was invalid and the district court never had subject matter jurisdiction over the charge. *Id*. at 531, 261 P.3d at 525.

The State notes that *Flegel* was a jury trial case, whereas this case involves an agreed upon plea.[2] The State argues that by pleading guilty under the plea agreement, Schmierer waived his right to a probable cause determination. The State contends that the reason for having an indictment from the grand jury is to establish a finding of probable cause. Article I, section 8 of the Idaho Constitution guarantees criminal defendants the right to a finding of probable cause either through a grand jury or a preliminary hearing. The State asserts that this right may be waived. *See State v. Fowler*, 105 Idaho 642, 643, 671 P.2d 1105, 1106 (Ct. App. 1983). Stated another way, the reason for prohibiting a prosecutor from amending an indictment to allege a different crime is because there would be no probable cause determination prior to proceeding to trial. However, where the defendant agrees to the amendment and waives any probable cause determination, then the rationale for the prohibition no longer exists.

Some support for the State's position can be found in *Flegel*. There, the Supreme Court stated that "to allow a prosecutor to amend an indictment to charge an offense other than that for

---

[2]     Schmierer argues that *Lute* involved an amendment to an indictment upon an agreed plea. However, the disposition in *Lute* did not involve the validity of the amendment of the indictment.

which the defendant was held to answer would permit the prosecutor to, in essence, become the grand jury." *Flegel*, 151 Idaho at 526-27, 261 P.3d at 521-22. Further, the Court held that "it is the grand jury, not the court or the prosecutor, that must decide whether there is a probable cause to believe that *Flegel* committed the crime of Sexual Abuse." *Id.* at 530, 261 P.3d at 524. On the other hand, the State, in effect, asks this Court to hold that a prosecutor may amend an indictment to charge a different crime where the defendant agrees to the amendment and to plead guilty without a probable cause determination.

Perhaps allowing such an amendment is the better rule; however, neither I.C. § 19-1420 nor I.C.R. 7(e) provides an exception to their ban on amendment of an indictment to allege a different crime. Our appellate courts have not provided an exception. Ultimately in *Severson*, the Court held, "Because the amended indictment did not charge Severson with a new offense or result in prejudice, the amendment was permissible under principles of due process and Rule 7(e)." *Severson*, 147 Idaho at 710, 215 P.3d at 430. In *Flegel*, the Court held that "because the amended indictment charged a different crime than the crime charged in the original indictment, the amended indictment is a nullity." *Flegel*, 151 Idaho at 530, 261 P.3d at 524. Here, the amended indictment did charge Schmierer with a new offense--enticing children over the Internet--which was different from the original offense charged--attempted lewd conduct with a minor--and therefore, the amended indictment in Count II was invalid.

The State was without authority to file the amended indictment. *See* I.C.R. 7(e) and I.C. § 19-1420; *Flegel*, 151 Idaho at 531, 261 P.3d at 525. Where an indictment is invalid, the district court is without subject matter jurisdiction. *Id.* Therefore, not having been issued by a grand jury, the amended indictment was invalid, and the district court was without subject matter jurisdiction over the second count of Internet enticement.

### III.

### CONCLUSION

We reverse the district court's order denying Schmierer's I.C.R. 35 motion for correction of an illegal sentence. Accordingly, the district court's judgment of conviction and sentence for Count II, enticing children over the Internet, is vacated.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**