**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45134**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 31, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| JUSTIN K. HOSKINS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for possession of a controlled substance, <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Justin K. Hoskins appeals from his judgment of conviction for possession of a controlled substance. Hoskins argues that the district court erred in denying his motion to suppress. For the reasons set forth below, we reverse the district court's order denying Hoskins' motion to suppress and vacate Hoskins' judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer conducted a traffic stop on a vehicle in which Hoskins was a passenger. During the course of the stop, the owner of the vehicle gave the officer consent to search. Once the officer obtained consent to search, he asked Hoskins to exit the vehicle and instructed him to leave his personal items in the car. One of the items Hoskins left was a pack of cigarettes.

1

During the course of the vehicle search, the officer also searched Hoskins' cigarette pack and found marijuana and methamphetamine.

The State charged Hoskins with possession of a controlled substance and a sentencing enhancement based on a prior drug conviction. Hoskins filed a motion to suppress, asserting that: (1) he had standing to challenge the search of his personal items; (2) the search of his personal items was illegal; (3) the traffic stop evolved into an illegal detention because the officer abandoned the original purpose of the stop in pursuit of a drug investigation; and (4) the consent to search obtained from the owner of the vehicle was coerced. The State responded that: (1) Hoskins had standing to challenge the stop and detention, but did not have standing to challenge the consent to search or the search of his personal items; and (2) the length and scope of the detention was reasonable. The district court denied Hoskins' motion, concluding that: (1) the length and scope of the detention was reasonable; (2) the vehicle owner's consent to search was valid; and (3) Hoskins lacked standing to challenge the search of the vehicle or his personal items because both the detention and the vehicle owner's consent to search were lawful.

Hoskins entered a conditional guilty plea to possession of a controlled substance, reserving his right to appeal the district court's denial of his motion to suppress, and the State agreed to dismiss the sentencing enhancement. The district court imposed a unified three-year sentence, with one year fixed, but suspended the sentence and placed Hoskins on probation. Hoskins appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

Hoskins asserts that the district court erred when it denied his motion to suppress. Specifically, Hoskins argues that the district court erroneously concluded that Hoskins lacked standing to challenge the search of his personal items and erroneously concluded that the vehicle owner's consent extended to Hoskins' personal items. The State concedes that the district court erred in both respects. However, the State asks this Court to affirm the district court's order "by applying the correct legal standards" related to the plain view doctrine--an exception to the warrant requirement the State advances for the first time on appeal. In support of this exception, the State "relies upon the evidence presented before the district court and not the court's limited factual findings," which the State recognizes are not "fully developed." The State asks this Court to either affirm based on the "evidence presented" or remand "for the district court to complete its findings based on the evidence already presented." Hoskins replies that the State may not raise an alternative theory to support the district court's decision for the first time on appeal. We agree with Hoskins.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). In *Garcia-Rodriguez*, the Idaho Supreme Court stated that the "right result-wrong theory rule" only applies where the trial court reached the correct result by way of erroneous legal reasoning. *Id.* at 275-76, 396 P.3d at 704-05. The rule does not apply where the trial court does not engage in any legal reasoning on a theory never presented to it. *See id.* The Court quoted the following language from *Smith v. Sterling*, 1 Idaho 128, 131 (1867), in explaining its rationale:

> It is manifestly unfair for a party to go into court and slumber, as it were, on his defense, take no exception to the ruling, present no point for the attention of the court, and seek to present his defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

*Garcia-Rodriguez*, 162 Idaho at 276, 396 P.3d at 705.

In *State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017), the Idaho Supreme Court reiterated the limitation on the right result-wrong theory rule articulated in *Garcia-Rodriguez* and applied it to a Fourth Amendment question of law subject to free review.

3

In *Cohagan*, the defendant filed a motion to suppress all evidence seized as a result of his arrest. In response to Cohagan's motion, the State conceded that the defendant was illegally seized, but argued that suppression was unwarranted because the discovery of methamphetamine was sufficiently attenuated from the illegal seizure. *Cohagan*, 162 Idaho at 720, 404 P.3d at 662. On appeal, the State argued that (although it previously conceded the illegality of the seizure), because the Court was required to determine whether the interaction between Cohagan and law enforcement was lawful, its concession in district court was not binding. *Id.* at 721, 404 P.3d at 663. The Idaho Supreme Court disagreed. In doing so, the Court recognized that whether a seizure occurred is a question of law freely reviewed. But, citing *Garcia-Rodriguez*, the Court stated it is "equally true" that issues not raised below will not be considered on appeal, and the parties will be held to the theory upon which the case was presented to the lower court. *Cohagan*, 162 Idaho at 721, 404 P.3d at 663; *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704.

The Idaho Supreme Court again applied *Garcia-Rodriguez* in the context of a Fourth Amendment suppression issue in *State v. Fuller*, 163 Idaho 585, 416 P.3d 957 (2018). In *Fuller*, the defendant filed a motion to suppress evidence, claiming it was discovered following an unlawful traffic stop. *Id.* at 587, 416 P.3d at 959. The basis of the traffic stop was for an alleged violation of I.C. § 49-637(1). The district court granted the motion, concluding that the defendant was entitled to suppression because her driving did not violate the code section that served as the basis for the stop. On appeal, the State argued the district court erred in its interpretation of I.C. § 49-637(1). *Fuller*, 163 Idaho at 588, 416 P.3d at 960. The State also argued that the traffic stop was proper based on reasonable suspicion that the defendant violated I.C. § 49-630(1), a basis the State did not advance in district court. *Fuller*, 163 Idaho at 590, 416 P.3d at 962. As to the latter argument, the Idaho Supreme Court stated: "That section 49-630 was not raised below spells the fatal resolution of this argument on appeal." *Fuller*, 163 Idaho at 591, 416 P.3d at 963. The Court reiterated the proposition from *Garcia-Rodriguez* that unpreserved issues will not be considered on appeal, and the parties will be held to the theory upon which the case was presented to the lower court. *Fuller*, 163 Idaho at 591, 416 P.3d at 963; *Garcia-Rodriguez*, 162 Idaho at 275, 396 P.3d at 704.

4

In this case, the State concedes its plain view theory was not presented to the district court. Nevertheless, the State asks this Court to apply the "right result-wrong theory rule." The State does not, however, acknowledge or distinguish the Supreme Court's recent decisions in *Garcia-Rodriguez* or *Cohagan*, which both involved appeals of Fourth Amendment suppression issues. Instead, the State relies on *Row v. State*, 135 Idaho 573, 579, 21 P.3d 895, 901 (2001), a successive post-conviction appeal in which the Idaho Supreme Court held that the district court erred in dismissing the petitioner's ineffective assistance of appellate counsel claims on the ground that the petitioner failed to show the claims could not have been raised in her initial petition. The Court then applied the right result-wrong theory rule to affirm the dismissal on the correct basis--the failure to support the claims with sworn statements setting forth the material facts. *Id.* at 579-80, 21 P.3d at 901-02. The correct theory applied by the Court to affirm dismissal was advanced by the State in its motion for summary dismissal. *Id.* at 576, 21 P.3d at 898 (noting the State moved for dismissal for failure to comply with I.C. § 19-2719(5), which includes the sworn statement requirement). Thus, the Court applied the right result-wrong theory rule in a manner consistent with its later opinions in *Garcia-Rodriguez* and *Cohagan*.

At oral argument, when asked about the failure to cite *Garcia-Rodriguez* or *Cohagan* (which were cited in Hoskins' reply brief in response to the State's new plain-view theory), the State asserted *Garcia-Rodriguez* was not applicable because *Garcia-Rodriguez* involved a request to *reverse* on the right theory as compared to its request to affirm in this case and that *Cohagan* was not applicable because *Cohagan* involved a concession in district court which was binding on appeal and no such concession was made in this case. While *Garcia-Rodriguez* may be factually distinguishable based on the State's request to reverse rather than affirm in that case,[1] the distinction does not extend to the Court's later application of *Garcia-Rodriguez* in *Cohagan* and does not address the underlying rationale set forth in *Garcia-Rodriguez*. Although there was an explicit concession in the district court in *Cohagan*, the State effectively made a concession in this case by failing to present the plain view theory in the district court. It is

_____

[1]     Such a distinction finds some support in *Garcia-Rodriguez* based on the Court's statement in that case that it "decline[d] to adopt a 'wrong result-wrong theory' approach to reverse a lower court's decision based on issues neither raised nor argued below." *Garcia-Rodriguez*, 162 Idaho at 276, 396 P.3d at 705.

well-settled that the State bears the burden of proving an exception to the warrant requirement when a warrantless search occurs. *State v. LeClercq*, 149 Idaho 905, 907, 243 P.3d 1093, 1095 (Ct. App. 2010). The State's pursuit of one exception and not others operates as a concession that other exceptions do not apply. An explicit concession like the one made in *Cohagan* is not required in order for this Court to apply settled preservation principles. The relevant and obvious legal principles from *Garcia-Rodriguez*, *Cohagan*, and *Fuller* are that unpreserved issues will not be considered on appeal, and the parties will be held to the theory upon which the case was presented to the lower court. The State failed to provide any cogent reason in briefing or at oral argument as to why those principles do not apply here.

After oral argument, the State submitted a letter of supplemental authority in which it did not cite *Fuller*,[2] which was issued after the State's briefing in this case, but prior to oral argument. Instead, the State directed this Court's attention to the Idaho Supreme Court's recent opinion in *State v. Akins*, ___ Idaho ___, ___ P.3d ___ (2018). In *Akins*, the Court considered a challenge to the constitutionality of I.C. § 19-4301A, which imposes a duty to report a death and makes the failure to do so a felony in certain circumstances. The Court held the statute was unconstitutional as applied because it violated Akins' Fifth Amendment privilege against self-incrimination. *Akins*, ___ Idaho at ___, ___ P.3d at ___. In reaching this conclusion, the Court stated:

> Although our analysis of section 19-4301A departs from that of the district court, we reach the same conclusion. Because we freely reviewed the same question that was at issue below, we find it appropriate to use the "right result-wrong-theory" rule to affirm the lower court's dismissal of the charge. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275-76, 396 P.3d 700, 704-05 (2017). In so doing, we also emphasize our rejection of the district court's analysis [insofar] as it could be interpreted as a judgment on the statute's constitutionality. Our holding here does not constitute a broad ruling on the general constitutionality of section 19-4301A, but instead is driven by the specific facts of this case.

*Akins*, ___ Idaho at ___, ___ P.3d at ___.

---

[2] It is unclear whether the State did not include *Fuller* in its letter of supplemental authority because it believes it does not apply for the same reason it believes *Garcia-Rodriguez* does not apply.

The parenthetical the State included in its letter of supplemental authority highlighted the Court's rejection of "the district court's analysis [insofar] as it could be interpreted as a judgment on the statute's constitutionality" and its decision to affirm under the right result-wrong theory rule because it "freely reviewed the same question that was at issue below." By this parenthetical, the Court assumes the State asserts that, so long as the appellate court freely reviews "the same question that was at issue below," it may employ the right result-wrong theory rule in order to affirm. If that is the assertion, it is inconsistent with *Cohagan*. Moreover, in this case, the State is asking the Court to do more than review the same questions that were presented to the district court. The questions presented to the district court were whether Hoskins had standing, whether the length and scope of the detention was reasonable, and whether the vehicle owner's consent to search was valid in relation to Hoskins' belongings. The question was not whether the plain-view exception applied. The State asks us to answer this question for the first time on appeal based on the entirety of the evidence presented without limitation to the district court's factual findings. This is precisely the type of request that is foreclosed by the underlying rationale set forth in *Garcia-Rodriguez*. Nothing in *Akins* compels us to reach a different result because nothing in *Akins* indicates that the parties on appeal argued different theories than those presented to the district court. To the contrary, the opinion indicates that "the parties debated the same question on appeal" which was presented to the district court without mention of whether either party pursued a different theory on appeal. *Akins*, ___ Idaho at ___, ___ P.3d at ___. The Court's departure from the district court's analysis in *Akins* appears to be based on the Court's conclusions after reviewing the statute, the applicable law, and the facts and not based upon new theories presented by the parties that were not preserved or factual findings made for the first time on appeal. To that end, *Akins* does not conflict with *Garcia-Rodriguez*, *Cohagan*, or *Fuller* and does not support the State's request to this Court to depart from the principles that unpreserved issues will not be considered on appeal, and the parties will be held to the theory upon which the case was presented to the lower court.

The State's request to apply the right result-wrong theory rule using a theory never presented to the district court is contrary to law. The State's related request that this Court either discern facts from the evidence presented that are "consistent" with the district court's limited factual findings or, alternatively, remand the case for additional findings on an unpreserved

7

theory is also contrary to law. Accordingly, we decline to address the State's plain view theory or remand this case for further findings. Because the State has conceded error in the district court's actual decision, we reverse the district court's order denying Hoskins' motion to suppress and vacate the judgment of conviction.

## IV.

## CONCLUSION

The State concedes that the district court's reasoning for denying Hoskins' motion to suppress was erroneous. Because the State did not assert the plain view theory to the district court as an alternative basis for denying Hoskins' motion to suppress, we will not address it for the first time on appeal. This Court will also not remand to the district court to consider the State's plain view theory. Accordingly, the district court's order denying Hoskins' motion to suppress is reversed, and Hoskins' judgment of conviction for possession of a controlled substance is vacated.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.